# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUL KYOON HAN, | 1:10-cv-01276 AWI MJS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 10] |
| MICHAEL BENOV, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Michael Benov, as warden of Taft Correctional Institution (TCI), is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

**I.   FACTUAL BACKGROUND**

Petitioner was convicted in the Central District of California to a term of 36 months for Mail Fraud and Subscription to False Tax Returns. He was committed to the custody of the Bureau of Prisons (BOP) On February 12, 2009. Petitioner's projected release date is November 22, 2011.

In March, 2010, Petitioner met with TCI correctional staff at a program review where

staff determined that he should obtain a pre-release transfer to a residential re-entry center (RRC) between 90 to 180 days prior to his projected release. (Answer, p. 2, Attach. 2, ECF No. 10.) Petitioner objected and requested to serve the last 12 months of his sentence a RCC. The staff's decision for 90 to 180 placement was upheld during Petitioner's institutional and regional appeal. (Id., Attach. 3.)

On July 19, 2010, Petitioner filed the instant federal habeas petition. Petitioner appears to make two arguments in his federal habeas petition. First, Petitioner argues that the BOP policy with respect to analyzing an inmate's request to transfer to an RRC before Petitioner's sentence has twelve months remaining is in conflict with the Second Chance Act. (See Pet. at p. 9-20.) Second, Petitioner argues Respondent failed to consider the individual factors in determining Petitioner's eligibility for the RCC program. (Id.) Respondent filed an answer to the petition on February 16, 2011.

**II.     EXHAUSTION**

Petitioner failed to exhaust his final appeal before filing the instant petition. The exhaustion prerequisite for filing a § 2241 petition is judicially created and is not a statutory requirement. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "[b]ecause exhaustion is not required by statute, it is not jurisdictional." Brown, 895 F.2d at 535. If a petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. Exhaustion may be excused if pursuing the administrative remedy would be futile. See Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993). Factors weighing in favor of requiring exhaustion include whether: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. See Noriega-Lopez v. Ashcroft, 335 F.3d 874, 880-81 (9th Cir. 2003).

While the undersigned is aware of the reasons to defer judgment even if this matter is

not yet exhausted, the recent opinions from the Ninth Circuit in Sacora v Thomas, 628 F.3d 1059 (9th Cir. 2010) and Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir. 2011) weigh in favor of deciding this case now rather than delay its resolution.

### III.   APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. See Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"). Venue is proper in this District as Petitioner is challenging the execution of his sentence at Taft Correctional Institution, which is within the Eastern District of California.

### IV.   STATUTORY AND REGULATORY BACKGROUND

In Sacora v Thomas, 628 F.3d 1059 (9th Cir. 2010), petition for cert filed, (U.S. May 16, 2011) (No. 10-10580), the Ninth Circuit laid out the relevant statutory background applicable in this case:

> Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621 governs the authority of the BOP to designate a prisoner's placement in general while he or she is in the BOP's custody. In the context RRCs, this section governs the BOP's authority in cases where a prisoner who has more than a year left to serve of his or her prison sentence requests a transfer to such a facility. [FN 2]
>
> [FN 2] That governing statute provides:
> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau . . . that the Bureau determines to be appropriate and suitable, considering —
>   (1) the resources of the facility contemplated;
>   (2) the nature and circumstances of the offense;
>   (3) the history and characteristics of the prisoner;
>   (4) any statement by the court that imposed the sentence -
>       (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>       (B) recommending a type of penal or correctional facility as appropriate; and

>       (5) any pertinent policy statement issued by the Sentencing Commission
>       pursuant to section 994(a)(2) of title 28.
>  .... The Bureau may at any time, having regard for the same matters, direct the
>  transfer of a prisoner from one penal correctional facility to another . . . .
>  18 U.S.C. § 3621(b).

Sacora, 628 F.3d at 1061-62.

>       On April 14, 2008, five days after the [Second Chance Act] went into
>  effect, BOP officials issued a memorandum (the "April 14 Memorandum")
>  explaining the changes to the law and setting forth guidance to BOP staff about
>  how to administer the law. On October 21, 2008 . . . the BOP issued the
>  regulations required by the statute . . . .
>
>       Substantively, the regulations: (1) define the terms "community
>  confinement" and "home detention"; (2) provide that inmates may be designated
>  to community confinement as a condition of prerelease custody for a period not
>  to exceed 12 months and to home detention for a period not to exceed the
>  shorter often percent of the inmate's term of imprisonment or six months; and
>  (3) provide that inmates will be considered for community confinement in an
>  manner consistent with § 3621(b) on an individual basis, with placements of
>  sufficient duration to provide the greatest likelihood of successful reintegration
>  into the community.

Sacora, 628 F.3d at 1063 (footnote omitted).

>       On November 14, 2008, BOP officials issued another memorandum (the
>  "November 14 Memorandum") [*9] which provides guidance to BOP staff when
>  considering inmate requests for transfers to RRCs before the final 12 months of
>  the inmate's sentence. It notes that "[i]nmates are legally eligible to be placed
>  in an RRC at any time during their prison sentence[s]," and that "[s]taff cannot,
>  therefore, automatically deny an inmate's request for transfer to a RRC."
>  Instead, "inmate requests for RRC placement must receive individualized
>  consideration." The memorandum further notes that "[t]elling an inmate that
>  he/she is ineligible for RRC placement is the same as automatically denying the
>  inmate from even being considered for such placement, and is not in accord with
>  Bureau policy." However, as in the April 14 Memorandum, the November 14
>  Memorandum advises BOP staff that "a RRC placement beyond six months
>  should only occur when there are unusual or extraordinary circumstances
>  justifying such placement, and the Regional Director concurs."

Id. at 1064.

**V.    ANALYSIS OF PETITIONER'S CLAIMS**

    **A.    The BOP Policy Does Not Violate the Second Chance Act**

First, Petitioner appears to challenge the BOP's policy regarding transfers of prisoners to RRCs prior to the final twelve months of a prisoner's sentence. Petitioner contends that Respondent's interpretation of the Second Chance Act conflicts with the individualized factors set forth under 18 U.S.C. § 3621(b). For the following reasons, this argument is without merit.

In Sacora, the Ninth Circuit specifically analyzed the current BOP policy with respect

to inmates requesting a transfer to a RRC prior to their final twelve months of imprisonment. The Court specifically found that the BOP's policy did not violate the Second Chance Act by explaining that:

> The . . . policy set forth in the November 14 Memorandum is consistent with § 3621(b) . . . Petitioners argue, however, that the policy as set forth in the November 14, Memorandum is contrary to our decision in Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008). We disagree.
>
> In Rodriguez, we held that the prior version of the regulations codified at 28 C.F.R. §§ 570.20 and 570.21 was invalid, because it "categorically exclude[d] inmates from RRC eligibility without considering the mandatory factors articulated in § 3621(b)." 541 F.3d at 1187. No such problem exists here. Although the November 14 Memorandum does set forth a presumption that RRC placements of longer than six months should occur only "when there are unusual or extraordinary circumstances justifying such placement[ ] and the Regional Director concurs," the Memorandum also admonishes BOP staff that they "cannot . . . automatically deny an inmate's request for transfer to a RRC" because "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence[s]." The memorandum also reminds the BOP staff that they "must individually consider the request, just as they would any other request for lower security transfer." Further, the memorandum reminds the staff that when they review an inmate's transfer request, they should review the five factors set forth in 18 U.S.C. § 3621(b) that, we noted in Rodriguez, are "mandatory." Rodriguez, 541 F.3d at 1187. Accordingly, we conclude that the BOP's policy as set forth in the November 14 Memorandum does not violate the SCA.

Sacora, 628 F.3d at 1068. For the reasons outlined above in Sacora, Petitioner's challenge to the BOP's current policy is without merit. The policy does not violate the Second Chance Act, and Petitioner's claim is denied.

### B.   The Court Lacks Jurisdiction to Consider Individualized Determinations Regarding RCC Placement

Petitioner asserts that BOP's denial of his transfer request was arbitrary and capricious under 5 U.S.C. § 706(2) (A) of the Administrative Procedure Act (APA). However, this Court lacks jurisdiction to hear Petitioner's claim.

The APA provides a cause of action for persons suffering a legal wrong because of adverse agency action, and agency actions can be held unlawful when those actions are arbitrary, capricious, or an abuse of discretion. 5 U.S.C. §§ 702, 706(2) (A); Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir. 2011).

The Ninth Circuit recently determined that 18 U.S.C. § 3625 precludes judicial review under the APA of certain individualized determinations by the BOP. Reeb, 636 F.3d at 1226-

27. In Reeb, the petitioner challenged the BOP's decision to expel him from an intensive drug treatment program for federal inmates know as the Residential Drug Abuse Program (RDAP). As the Reeb court discussed, the BOP has broad statutory discretion over the entire RDAP program under 18 U.S.C. § 3621(e), and inmates who successfully complete RDAP are eligible for a up to a one year sentence reduction. Id. at 1225. The petitioner in Reeb contended the BOP lacked a rational basis for expelling him from RDAP under § 706(2)(A) of the APA. Id. at 1227-28.

The Reeb court concluded that it lacked jurisdiction to hear the claim, holding that 18 U.S.C. § 3625 unambiguously specified that judicial review under the APA was precluded. Section 3625 states that the APA does not apply to decisions relating to imprisonment governed by U.S.C. § 3621. Specifically, the court stated:

> To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

Reeb, 636 F.3d at 1227.

Reeb is also instructive with regard to determinations to the RCC. Like the RDAP program, the BOP administers under § 3621(e), the BOP in this case has the sole authority to make RRC placement determinations under § 3621(b). And, like the RDAP determination in Reeb, the BOP's decision to deny Petitioner's RRC transfer request in this case is a substantive, discretionary determination by the BOP. Therefore, like the RDAP decisions in Reeb, RRC placement decisions are properly left to the BOP's discretion.

Accordingly, the BOP's substantive, discretionary RRC decision adverse to Petitioner is not reviewable in the district court pursuant to § 706(2)(A) of the APA. Reeb, 636 F.3d at 1227; see also Binford v. Thomas, 2011 U.S. Dist. LEXIS 50242 (D. Or. May 10, 2011). Thus, this Court lacks jurisdiction to review an individualized determination regarding Petitioner's RCC placement. As this Court lacks jurisdiction to review Respondent's determination,

Petitioner is not entitled to habeas relief and the claim is denied.[1]

## VI. RECOMMENDATION

For the reasons discussed herein, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 12, 2011            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Respondent, in his answer, asserts that the Petition should be considered moot as Petitioner has already received all the relief he could be afforded if granted relief in the form of a hearing addressing the individual consideration of his placement in an RCC. However, as described herein, this Court does not have authority to review such determinations, and need not address whether the present claim is moot.